(March 10, 1964)

■     JOHN J. STEERS, Respondent, v. NATIONAL EXHIBITION COMPANY et al., Appellants.— Determination of Appellate Term affirmed, with costs to respondent.  No opinion.  Concur — Botein, P. J., Breitel and Stevens, JJ.; Rabin and Eager, JJ., dissent in the following memorandum by RABIN, J.  I dissent and vote to reverse the judgment and dismiss the complaint.  On this record I conclude that the plaintiff has failed to prove negligence on the part of the defendant.  Assuming that there were a defective condition of the step, there was no proof that defendant had notice thereof.  The plaintiff has clearly failed to prove actual notice and I find the testimony of the plaintiff as to the physical

description of the step — relied upon to show constructive notice — insufficient for such purpose. Absent a supportable finding of notice the defendant may not — in the circumstances of this case — be held liable for the plaintiff's injuries. The plaintiff's case is additionally deficient in that he has failed to demonstrate with any degree of precision either the site of or the proximate cause of his fall. He testified variously that the step was "sandy," "scaley," "gritty," "slippery," "worn," and also that it contained holes and cracks. However, there was no proof as to which condition caused the plaintiff to fall. If he slipped, as it would appear from his testimony, and his slipping was caused by the alleged sandy, gritty or slippery condition of the step, then, clearly, upon the pleadings and on the record here, he may not recover. A verdict in plaintiff's favor may not be bottomed on conjecture or speculation as to what occurred.